## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **GREGORY BREWER,** | ) | |
| | ) | Case No. |
| **Plaintiff**, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MILBURN COUNTRY CLUB,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT

Plaintiff Gregory Brewer, for his Complaint, states and alleges as follows:

### NATURE OF ACTION

1.      Plaintiff brings this employment discrimination action seeking relief for the injuries and damages he sustained as a result of Defendant's age and disability discrimination with regard to the terms and conditions of his employment.

2.      Defendant's discriminatory conduct violated Plaintiff's rights as protected under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA") and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., ("ADA").

### PARTIES

3.      Plaintiff Gregory Brewer ("Plaintiff") currently resides in Kansas City, Kansas.

4.      Defendant Milburn Country Club ("Defendant") is a Kansas corporation duly licensed to do business in Kansas with its principal place of business located at 7501 W. 69th Street, Overland Park, Kansas 66204, and Defendant can be served with process via its Kansas Resident

Agent, Milburn Golf and Country Club, also located at 7501 W. 69th Street, Overland Park, Kansas 66204.

5.      As a corporation, Defendant acts through its officers and employees, and the individuals mentioned herein, whether specifically by name or otherwise, were officers or employees of Defendant acting within the course and scope of their employment.

## JURISDICTION AND VENUE

6.      This Court has primary jurisdiction pursuant to 28 U.S.C. § 1331 for Plaintiff's claims brought under the ADEA and ADA because these claims are brought pursuant to federal law.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred within this District and because Defendant is incorporated in, and maintains its principal place of business in, this District, where Plaintiff also resides.

8.      Defendant is subject to, and a covered employer under, the ADEA.

9.      Defendant is subject to, and a covered employer under, the ADA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.      As a result of the unlawful employment practices alleged herein, Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which is attached as Exhibit A.

11.      Plaintiff's Charge culminated into a "Notice of Right to Sue" letter issued by EEOC, which Plaintiff received on August 13, 2020; said letter is attached as Exhibit B.

12.      Plaintiff is filing this suit within 90 days of his receipt of the Notice of Right to Sue letter and this suit is timely filed.

2

13.     Plaintiff exhausted all administrative remedies prior to filing this suit.

14.     When relevant, Defendant's conduct herein constituted a continuing violation of Plaintiff's federally protected rights stated herein.

## FACTUAL BASIS

15.     Plaintiff is sixty-five (65) years of age.

16.     Defendant employed Plaintiff in September 2014.

17.     Throughout his employment, Plaintiff worked at Defendant's office located at 7501 W. 69th Street, Overland Park, Kansas 66204.

18.     Plaintiff's most recent position with Defendant was Accounts Receivable/Human Resources Assistant.

19.     At all times relevant to this Complaint, Plaintiff was substantially older than his co-workers and superiors, the majority of whom were between the ages of 30 and 40.

20.     Defendant employed James Nanson ("Nanson") as General Manager. Upon information and belief, during Plaintiff's employment, Nanson was not over the age of 40. Nanson was promoted to the General Manager position while he was under the age of 40.

21.     At all times relevant to this Complaint, Nanson had supervisory authority over Plaintiff, and Nanson had the ability to make decisions affecting the terms and conditions of Plaintiff's employment.

22.     Defendant also employed Nanson's wife, Holly Nanson, as a manager.  Upon information and belief, at all times relevant to this Complaint, Holly Nanson was not over the age of 40.

23.     In August 2019, Plaintiff learned that he needed to undergo major surgery to remove a large mass in his colon, to include the removal of twelve (12) inches of the large colon

and fourteen (14) lymph nodes. This surgery would require Plaintiff's complete absence from work for several weeks for the initial recovery period, plus additional recovery time of potentially up to one year, during which Plaintiff would likely require some workplace accommodations.

24.     In September 2019, Plaintiff announced his medical condition, need for surgery, and projected recovery time to management, including Nanson and Kevin Brown—Defendant's Controller at that time.

25.     Shortly before Plaintiff's surgery and medical leave, Defendant employed a new Controller/Human Resources Manager, Trina Davis ("Davis"). Upon information and belief, at the time of her hire, Davis was not over the age of 40.

26.     At all times relevant to this Complaint, Davis had supervisory authority over Plaintiff, and Davis had the ability to make decisions affecting the terms and conditions of Plaintiff's employment.

27.     On or about October 3, 2019, Plaintiff underwent surgery.

28.     Plaintiff's physician restricted him from operating a vehicle for the six weeks following the surgery, and also recommended that Plaintiff not return to work during those six weeks; however, Plaintiff was able to arrange for transportation to work and he returned to work approximately two weeks after the surgery.

29.     At all times relevant to this Complaint, Plaintiff suffered from a physical impairment that significantly restricted the condition, manner, and duration under which he could perform multiple major life activities, including sitting, driving, walking, and working, and the impact of this impairment was long-term;

30.     At all times relevant to this Complaint, Plaintiff's physical impairment substantially limited multiple major life activities, including sitting, driving, walking, and working.

31.     Despite Plaintiff's impairment, he was able to perform the essential duties of his position with Defendant, with or without a reasonable accommodation.

32.     Plaintiff is disabled as that term is defined by the ADA.

33.     On multiple occasions, Plaintiff was subject to age and disability-related comments by his superiors.

34.     On or about late September 2019, shortly after Plaintiff announced his need for surgery, Holly Nanson asked Plaintiff when he was going to retire.

35.     On or about December 20, 2019, Nanson approached Plaintiff and asked him how he liked SpiraCare, a new group health insurance plan that was less costly for Defendant and had been offered to its employees in 2019. Nanson stated that Defendant was "getting hit with large insurance increases" due to Plaintiff's surgery, also referencing another employee's insurance claims for cancer-related medical care. The two discussed the possibility of Plaintiff going on Medicare instead of Defendant's insurance plan since, as Nanson stated, Plaintiff was "filing claims" and "getting older."

36.     On multiple occasions, Nanson addressed older members of Defendant's club as "old man;" Nanson frequently greeted one particular member with "hey old man."

37.     On or about January 3, 2020, Plaintiff's employment with Defendant was discharged.

38.     Plaintiff was notified of his discharge in a meeting with Nanson and Davis; he was informed that, although Defendant wanted to discharge his employment a bit sooner that Nanson and Davis thought it best to wait until after Plaintiff's surgery and the holiday season.

39.     At the time of Plaintiff's discharge, he was the oldest employee in his office.

40.     Upon information and belief, since Plaintiff's discharge, Plaintiff's former job duties have been performed by one or more individuals not over the age of 40.

## COUNT I – Age Discrimination in Violation of the ADEA

41.     Plaintiff hereby restates and incorporates the above paragraphs of this Complaint as though fully set forth herein.

42.     At all times relevant to this Complaint, Plaintiff was over the age of 40 and therefore he is an individual protected by the provisions of the ADEA.

43.     During his employment with Defendant, Plaintiff's work performance was at least satisfactory.

44.     At all relevant times, Plaintiff was subject to discriminatory treatment during the course of his employment by Defendant, including Defendant's agents, on the basis of his age.

45.     As alleged herein, during his employment with Defendant, Plaintiff suffered adverse employment actions.

46.     Defendant discharged Plaintiff's employment with Defendant, and said discharge constitutes an adverse employment action.

47.     Defendant discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of Plaintiff's employment on the basis of his advanced age.

48.     Upon information and belief, at all relevant times, the majority of the employees in Plaintiff's former work environment were not over the age of 40.

49.     But for Plaintiff's age, Plaintiff would not have suffered any adverse actions, including discharge, by Defendant.

50.     As alleged herein, Defendant's treatment of Plaintiff based on his age provides an inference of age discrimination.

6

51.    Defendant knew or had reason to know of the age discrimination stated herein and failed to take prompt and effective action to remedy the situation.

52.    Plaintiff has been damaged by Defendant's illegal conduct in that he has suffered, and will suffer, economic damages, including past and future lost income and fringe benefits.

53.    Defendant's conduct as cited herein was willful and, therefore, Plaintiff is entitled to liquidated damages, including, but not limited to, twice the amount of his lost income and fringe benefits, as well as front pay, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff Gregory Brewer prays for judgment against Defendant Milburn Country Club for his economic and liquidated damages in an amount that is fair and reasonable, including, but not limited to, lost income, the value of fringe benefits, front pay, liquidated damages, costs, attorneys' fees, any and all other relief available pursuant to the ADEA, and any other relief the Court deems just, proper, and equitable.

## **COUNT II – Disability Discrimination in Violation of the ADA**

54.    Plaintiff hereby restates and incorporates the above paragraphs of this Complaint as though fully set forth herein.

55.    At all times relevant to this Complaint, as alleged herein, Plaintiff was a qualified individual with a disability.

56.    As alleged herein, Plaintiff's disability substantially limits one or more of his major life activities.

57.    Plaintiff has a record of his disability, and he has been perceived by Defendant to have a disability.

58.    Plaintiff is a disabled individual protected by the provisions of the ADA.

7

59.     At all times relevant herein, Plaintiff was subject to discriminatory treatment during the course of his employment by Defendant, by and through its agents and employees, on the basis of his disability.

60.     Defendant knew or had reason to know of the disability discrimination stated herein and failed to take prompt and effective action to remedy the situation.

61.     Plaintiff suffered adverse employment actions, including discharge.

62.     Defendant discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of Plaintiff's employment on the basis of Plaintiff's disability, including discharge.

63.     As a result of said actions by Defendant, Plaintiff has suffered damages.

64.     Plaintiff has been damaged by Defendant's illegal conduct in that he has suffered mental and emotional distress and economic damages.

65.     Defendant's conduct was outrageous and showed an evil motive or reckless indifference or conscious disregard for Plaintiff's rights and, therefore, punitive damages are warranted against Defendant to punish and deter it from such conduct.

WHEREFORE, Plaintiff Gregory Brewer prays for judgment against Defendant Milburn Country Club for his compensatory and punitive damages in an amount in excess of $75,000 that is fair and reasonable, including but not limited to, lost income, fringe benefits, costs, attorneys' fees, any and all other relief available pursuant to the ADA, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial in this case.

Respectfully submitted,

By: */s/ Michael Stipetich*
Michael Stipetich   Kansas No. 21453
Smith Mohlman Injury Law, LLC
701 E. 63rd Street, 3rd Floor
Kansas City, MO 64110
816.866.7711(office)
816.866.7715(fax)
stip@accidentlawkc.com

ATTORNEYS FOR PLAINTIFF